# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT LEON DENT,** | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. CIV 20-195-RAW-SPS |
| **AMANDA CRAIG, et al.,** | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff is a pro se prisoner who is incarcerated at the Wagoner County Jail in Wagoner, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his arrest and incarceration in Wagoner County.[1] The defendants are Amanda Craig of the Wagoner Police, T. J. Ponds of the K-9 Unit, the Wagoner County Jail, and the Wagoner County Sheriff's Department.

Plaintiff alleges that on May 3, 2020, Defendants Craig and Ponds, along with several other uniformed Wagoner police, illegally arrested him. He also asserts there was an illegal search of a vehicle without conformation that it was stolen. Plaintiff claims Defendants Craig and Ponds fabricated charges and violated his constitutional rights.

Plaintiff further alleges he was taken to jail for "made up charges," then illegally strip-searched while the police looked for a key to the vehicle. Finally, Plaintiff claims that at the jail, Sergeant Burnside opened Plaintiff's mail intended for the Justice Department. Plaintiff contends that people now are saying his life is in danger, because he has reported the officers and the jail. Plaintiff is requesting relief in the forms of monetary damages, a meeting with an FBI agent, and the filing of charges against "these people." After review of the complaint,

---

[1] On June 23, 2020, Plaintiff pleaded guilty in Wagoner County District Court Case No. CF-2020-164. The Court takes judicial notice of the public records of the Oklahoma State Courts Network. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The

generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendants Wagoner County Jail and Wagoner County Sheriff's Department**

Plaintiff has named the Wagoner County Jail and the Wagoner County Sheriff's Department as defendants in this action. As discussed below, neither is a proper defendant, and neither may be named in the amended complaint.

Although Plaintiff complains of events that allegedly occurred at the Wagoner County Jail, he has not made specific factual claims against the jail and has not demonstrated why this governmental sub-unit is a suable entity. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While

3

the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, the Tenth Circuit Court of Appeals has held in an unpublished opinion that "the Creek County Criminal Justice Center is not a suable entity under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). Therefore, Defendant Wagoner County Jail is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

With respect to the Wagoner County Sheriff's Department, courts in this circuit have repeatedly determined that local police departments do not have legal identities apart from the municipalities or counties they serve. *See, e.g., Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, n.1 (10th Cir. 2002) (unpublished); *Ketchum v. Albuquerque Police Dep't*, No. 93-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992) (unpublished); *Witmer v. Grady County Jail*, No. CIV-10-796-D, 2011 WL 4588910, *2 (Apr. 7, 2011) (unpublished) (dismissing county jail as it was not a legal entity capable of being sued). Thus, the Wagoner County Sheriff's Department also is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**Search Related to Plaintiff's Arrest**

To the extent Plaintiff is complaining there was an illegal search related to his arrest, and Defendants Craig and Ponds fabricated charges against him, those claims are not proper for this civil rights complaint. Before Plaintiff can seek compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing

28 U.S.C. § 2254).  When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because Plaintiff has not made this showing, he may not include these claims in his amended complaint.

**Requests for Meeting with FBI Agent and Filing of Charges**

Plaintiff has requested a meeting with an FBI agent and the filing of charges against the people who allegedly have violated his constitutional rights.  These requests are improper for a civil rights complaint.

There is no constitutional right to have someone criminally prosecuted.  *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).  Furthermore, Plaintiff has no legal basis to pursue criminal charges through this civil action, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  *See also Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("[A] private citizen cannot enforce criminal statutes in a civil action."). Plaintiff may not seek redress for alleged unlawful conduct by the defendants by pursuing criminal charges through this civil rights action, and his amended complaint should not include these requests.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Opinion and Order, Plaintiff must file an amended complaint on this Court's form.  The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983

requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). When a plaintiff instead uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged

6

to have committed." *Id*. at 1250 (citation omitted).

The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used. **The amended complaint may not include defendants or claims that have been dismissed by this Opinion and Order.** The Court Clerk is directed to send Plaintiff a form for filing an amended complaint. Plaintiff is granted twenty-one (21) days to file his amended complaint.

**ACCORDINGLY,**

1. Defendants Wagoner County Jail and Wagoner County Sheriff's Department are DISMISSED from this action.
2. Plaintiff's claim concerning the search related to his arrest is DISMISSED.
3. Plaintiff's requests for a meeting with an FBI agent and for the filing of charges are DENIED.
4. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.
5. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.
6. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 1st day of July 2020.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma